IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ISAEL MALDONADO, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> DEERE & COMPANY and JOHN § <br> DOE, § <br> § <br> Defendants. § | § <br> § <br> § <br> § <br> § <br> CIVIL ACTION NO. 1:22-cv-1074 <br> § <br> § <br> § <br> § <br> § |

## **DEFENDANT DEERE & COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Deere & Company ("Deere") files this Notice of Removal, and hereby removes the above-titled lawsuit from the 200th Judicial District Court of Travis County, Texas, to the United States District Court for the Western District of Texas, Austin Division. In support of this removal, Deere respectfully offers this Court the following facts, arguments, and legal authorities:

### **COMPLIANCE WITH 28 U.S.C. § 1446(a)**

1. Pursuant to 28 U.S.C. § 1446(a), Deere includes the following index of matters being filed with this Notice of Removal:

   **Exhibit 1:**   The state court docket sheet

   **Exhibit 2:**   Plaintiff's Original Petition ("Petition") (9/12/22)

   **Exhibit 3:**   Return of Service:  Deere (served 9/22/22)

   **Exhibit 4:**   Deere's Answer to Plaintiff's Petition (10/14/22)

## THE PARTIES

2. Plaintiff is a Texas citizen, and no properly joined defendant is a Texas citizen. Complete diversity of citizenship has existed since the time Plaintiff filed the underlying state court action on September 12, 2022 until now.

**A.   Plaintiff**

3. Plaintiff is a Texas citizen residing in Travis County, Texas. *See* Ex. 2, Petition ¶ 2. Plaintiff's residence allegation is *prima facie* evidence of Texas citizenship for diversity purposes. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship."); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) ("Evidence of a person's place of residence . . . is prima face proof of his domicile.").

**B.   Defendants**

4. Defendant Deere is a Delaware corporation with its principal place of business in Illinois. *See* 28 U.S.C. § 1332(c)(1).

5. "Defendant, John Doe's identity and location are unknown . . . ." Ex. 2, Petition ¶ 4. John Doe is therefore a defendant sued under a fictitious name whose citizenship shall be disregarded. 28 U.S.C. § 1441(b)(1); *Vaillancourt v. PNC Bank, Nat. Ass'n*, 771 F.3d 843, 848 n.38 (5th Cir. 2014) (citizenship of "John and Jane Doe defendants" shall be disregarded).

## STATE COURT ACTION

6. Deere removes the state court action styled *Isael Maldonado v. Deere and Company, and John Doe*, Cause No. D-1-GN-22-004471, in the 200th Judicial District Court of Travis County, Texas. In this lawsuit, Plaintiff alleges damages arising out of a multi-vehicle auto accident involving Plaintiff and "John Doe." Ex. 2, Petition ¶¶ 7-9. Plaintiff alleges negligence against Deere under several vicarious liability theories, including *respondeat superior* and apparent agency. *Id.* ¶¶ 10-14. Plaintiff also alleges theories of direct liability against Deere, including negligent hiring, training, supervision/monitoring, retention, and entrustment. *Id.* ¶¶ 15(a)-(e). Plaintiff also alleges gross negligence against Deere, *id.* ¶¶ 17-19, and seeks damages "in excess of one million dollars ($1,000,000.00), *id.* ¶¶29-30. Deere denies Plaintiff's allegations. *See* Ex. 4, Answer.

## REMOVAL PURSUANT TO DIVERSITY OF CITIZENSHIP

7. Deere removes this action pursuant to 28 U.S.C. § 1441(a). This Court has jurisdiction based on 28 U.S.C. § 1332(a)(1) because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

**A.   Amount in Controversy**

8. "[T]he damages sought are in excess of one million dollars ($1,000,000.00), *id.* ¶¶29-30." Ex. 2, Petition ¶ 30.

**B.     Diversity of Citizenship**

9.     Plaintiff is a Texas citizen.  No properly joined defendant is a Texas citizen.  For diversity jurisdiction purposes, Deere, the only properly joined defendant,[1] is not a Texas citizen—it is a Delaware corporation with its principal place of business in Illinois.  Given the complete diversity of citizenship, this Court has jurisdiction under 28 U.S.C. § 1332(a)(1), and removal is proper under 28 U.S.C. § 1441(a).

## PROCEDURAL REQUIREMENTS OF REMOVAL

**A.     Timeliness**

10.     This Notice of Removal has been timely filed because thirty days have not elapsed since Deere was served with the lawsuit on September 22, 2022.  Ex. 3.  *Cf.* 28 U.S.C. § 1446(b)(1).

**B.     Venue**

11.     Plaintiff brought this action in the 200th Judicial District Court of Travis County, Texas—located within the Western District of Texas, Austin Division.  28 U.S.C. § 124(d)(1).  Accordingly, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

---

[1]   In referring to Deere as a "properly joined defendant," Deere does not admit any of Plaintiff's liability allegations.  To the contrary, Deere expressly denies all liability allegations Plaintiff has asserted against Deere in this lawsuit.  Deere only uses the term "properly joined defendants" because it is the specific term of art the Fifth Circuit uses in the removal/improper joinder context.

C.  **Compliance with Notice Requirements**

12. Pursuant to 28 U.S.C. § 1446(d), Deere will promptly give written notice of the filing of this Notice to Plaintiff, and will promptly file a copy of the Notice of Removal with the clerk for the 200th Judicial District Court of Travis County, Texas.

D.  **Filing Fee**

13. A filing fee of $402 has been tendered to the Clerk of the United States District Court for the Western District of Texas, Austin Division.

E.  **Consent to Removal**

14. The consent requirement only applies to "properly joined and served defendants." 28 U.S.C. § 1446(b)(2)(A). As a fictitious defendant, "John Doe" has been neither properly joined nor served. Consent is therefore not required here.

F.  **Other Filings**

15. Pursuant to Federal Rule of Civil Procedure 7.1, Deere has prepared and will file separately a corporate disclosure statement.

G.  **Jury Demand**

16. Plaintiff previously demanded a jury trial in state court, Ex. 2, Petition ¶ 36, and Deere relied on Plaintiff's demand, Ex. 4, Answer at 7. *Cf.* Fed. R. Civ. P. 81(c)(3)(A), (B)(i).

H.  **Request for Leave to Amend**

17. In the event this Court subsequently identifies a defect in this Notice of Removal, Deere respectfully requests the Court grant leave to amend this Notice and cure the defect. *See, e.g., Silva v. Degs Wind I, LLC*, No. CV 1:13-247, 2015 WL 12743775, at

*2-3 (S.D. Tex. Jan. 29, 2015); *Bailon v. Landstar Ranger, Inc.*, 3:16-CV-1022-L, 2016 WL 6565950, at *4 (N.D. Tex. Nov. 3, 2016) (citing *In re Allstate Ins. Co.*, 8 F.3d 219, 221 & n.4 (5th Cir. 1993)) (procedural defects may be cured by the filing of an amended notice of removal); *Lafayette City-Parish Consol. Government v. Chain Elec. Co.*, No. 11-1247, 2011 WL 4499589, at *7 (W.D. La. Sept. 23, 2011) (explaining "defendants may freely amend the notice of removal required by section 1446(b).").

## CONCLUSION

Based on the foregoing, Deere removes this case to this Court. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required under 28 U.S.C. § 1446(a).

Respectfully submitted and signed pursuant to Federal Rule of Civil Procedure 11,

By: */s/ Ben Zinnecker*
Ben Zinnecker
State Bar No. 24066504
bzinnecker@germer-austin.com
Chris A. Blackerby
State Bar No. 00787091
cblackerby@germer-austin.com
GERMER BEAMAN & BROWN, PLLC
One Barton Skyway
1501 S. Mopac Expy, Suite A400
Austin, Texas 78746
(512) 472-0288 (Telephone)
(512) 472-0721 (Fax)
**Attorneys for Defendant Deere & Company**

## CERTIFICATE OF SERVICE

This instrument was served on the following counsel in compliance with Rule 5 of the Federal Rules of Civil Procedure on October 21, 2022:

Crystal M. Wright
Joe A. Gamez Law Firm, P.C.
1119 Fresno Road
San Antonio, Texas 7810`
c.wright@jagamezlaw.com
***Counsel for Plaintiff***

                                  */s/ Ben Zinnecker*
                                  Ben Zinnecker