9/12/2022 4:43 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-22-004471
Victoria Benavides

D-1-GN-22-004471

CAUSE NO. _____

| | | |
|---|---|---|
| **ISAEL MALDONADO** | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | 200TH, DISTRICT COURT |
| | § | |
| v. | § | \_\_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| **DEERE AND COMPANY, AND JOHN DOE** | § | |
| | § | |
| *Defendants* | § | |
| | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, Isael Maldonado (hereinafter referred to as "Plaintiff"), complaining of Deere and Company and John Doe (collectively hereinafter referred to as "Defendants"), and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.   Plaintiff intends that discovery be conducted under Level 3 of Rule 190 Texas Rules of Civil Procedure.

### II.
### THE PARTIES

2.   Plaintiff, Isael Maldonado, is an individual residing in Travis County, Texas.

3.   Defendant, Deere and Company is a foreign for-profit corporation conducting business in the state of Texas. Service of process can be completed by serving its registered agent CT Corporation System, 1999 Bryan St. Ste. 900, Dallas, Texas 75201.

4.   Defendant, John Doe's identity and location are unknown at this time.

1

EXHIBIT 2

### III.
### JURISDICTION AND VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over the Parties because Defendants are Texas residents and/or do business in the State of Texas.

6.      Venue in Travis County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### IV.
### FACTS

7.      On November 5, 2020, Plaintiff Isael Maldonado was traveling southbound on I-35 when, Defendant John Doe made an unsafe lane change, entered Plaintiff's lane of travel, and struck Plaintiff's vehicle.

8.      Plaintiff would show unto the Court that at all times relevant to the circumstances herein, Defendant Joh Doe was acting in the course and scope of his employment with Defendant Deere and Company.

9.      This collision between Defendants' vehicle and Plaintiff's vehicle caused Plaintiff to sustain injuries to his body, as more fully set forth below.

### V.
### PLAINTIFF'S CLAIMS OF NEGLIGENCE AND GROSS NEGLIGENCE
### AGAINST DEFENDANT DEERE AND COMPANY

A. **NEGLIGENCE**

10.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant John Doe was acting within the course and scope of his employment with Deere and

Company.

11. At the time of the occurrence of the act in question and immediately prior thereto, Defendant John Doe was engaged in the furtherance of Deere and Company's business.

12. At the time of the occurrence of the act in question and immediately prior thereto, Defendant John Doe was engaged in accomplishing a task for which Defendant John Doe was employed.

13. Plaintiff invokes the doctrine of *respondeat superior* against Deere and Company who are liable under the doctrine of *respondeat superior* because Defendant John Doe was operating the vehicle in the course and scope of his employment with Deere and Company.

14. Defendant John Doe was the apparent and ostensible employee and/or agent of Deere and Company

15. Defendant Deere and Compnay is also negligent in one or more of the following respects:

    a. Negligent hiring of Defendant John Doe;
    b. Negligent training of Defendant John Doe;
    c. Negligent supervision and monitoring of Defendant John Doe;
    d. Negligent retention of Defendant John Doe; and
    e. Negligent entrustment of Deere and Company's vehicle to Defendant John Doe.

16. Each of these acts and/or omissions of Deere and Company whether taken singularly or in any combination, constitute negligence and gross negligence that proximately caused the collision, injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which he will continue to suffer in the future, if not for the remainder of his natural life.

**B. GROSS NEGLIGENCE**

17. Deere and Company's negligent conduct was more than momentary

thoughtlessness or inadvertence. Rather, when viewed objectively from defendants' standpoint at the time of the collision, Deere and Company's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs. Furthermore, Deere and Company's had actual, subjective, awareness of the risk involved but nevertheless, proceeded in conscious indifference to the rights, safety, and/or welfare of Plaintiff and/or others similarly situated.

18. Accordingly, the acts and/or omissions by Deere and Company's as stated above constitute gross negligence, as defined in Section 41.001(11) of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

19. Each of these acts and/or omissions of Deere and Company whether taken singularly or in any combination constitute negligence and gross negligence that proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which he will continue to suffer in the future, if not for the remainder of his natural life.

## VI.
## PLAINTIFF'S CLAIMS OF NEGLIGENCE AND GROSS NEGLIGENCE AGAINST DEFENDANT JOHN DOE

### A. NEGLIGENCE

20. Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section.

21. Defendant John Doe, as agent and/or employee of Deere and Company had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

22. At the time of the collision, Defendant John Doe was driving a vehicle owned and/or leased by Defendant Deere and Company and he was acting within the course and scope of

his employment for Defendant Deere and Company.

23. The negligent, careless, and reckless disregard of duty by Defendant John Doe, as an employee and/or agent of Defendants Deere and Company consisted of, but is not limited to, the following acts and omissions:

   a. in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;
   b. in driving his vehicle at a rate of speed which was greater than that which an ordinary person would have driven under the same or similar circumstances, in violation of Texas Transportation Code §545.351;
   c. in failing to maintain an assured clear distance between the vehicle Plaintiff was in and Defendants' vehicle in violation of Texas Transportation Code §545.062;
   d. in failing to move from one lane to the next without making sure that movement can be made safely, in violation of Texas Transportation Code §545.060;
   e. in failing to timely apply the brakes of his vehicle in order to avoid the collision in question;
   f. in failing to drive defensively to avoid an emergency;
   g. in failing to make safe decisions while driving;
   h. in recklessly driving his vehicle in willful or wanton disregard for the safety of persons and/or property, including Plaintiff and his vehicle in violation of Texas Transportation Code §545.401;
   i. in failing to properly maintain control of his vehicle and taking faulty evasive actions; and
   j. in utilizing his cell phone while driving when the collision occurred.

24. Each of these acts and/or omissions of Defendant John Doe, whether taken singularly or in any combination constitutes negligence, negligence per se, and gross negligence, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

### B. GROSS NEGLIGENCE

25. Defendant John Doe's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant John Doe's conduct involved an extreme degree of risk and the probability and magnitude of the potential harm to Plaintiffs. Defendant John Doe had actual, subjective, awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, and/or welfare of Plaintiffs and/or others similarly situated.

26. Accordingly, the acts and/or omissions by Defendant John Doe, as outlined above constitute gross negligence, as defined in Section 41.001(11) of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

27. Each of these acts and/or omissions of Defendant John Doe, whether taken singularly or in any combination constitutes negligence and gross negligence, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

## VII.
## DAMAGES FOR PLAINTIFF

28. As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff has suffered severe bodily injuries to his neck, back, and other parts of his body generally. The injuries have had a serious effect on Plaintiff's health and well-being. Some of the effects are permanent and will remain with Plaintiff for a long time into the future, if not for his entire life. These specific injuries and ill effects have, in turn, caused Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause Plaintiff to suffer consequences and ill effects

of this deterioration throughout his body for a long time in the future, if not for the balance of his natural life. As a further result of the nature and consequences of these injuries, Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

29. Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Isael Maldonado were caused to incur the following damages:

   a. Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in county they were incurred;
   b. Reasonable and necessary medical care and expenses, which will, in all reasonable probability be incurred in the future;
   c. Physical pain and mental anguish in the past;
   d. Physical pain and mental anguish, which will, in all reasonable probability be suffered in the future;
   e. Physical impairment in the past;
   f. Physical impairment, which will, in all reasonable probability be suffered in the future;
   g. Lost wages in the past;
   g. Loss of earning capacity in the past;
   h. Loss of earning capacity, which will, in all reasonable probability be incurred in the future; and
   k. Disfigurement.

30. As a result, the damages sought are in excess of one million dollars ($1,000,000.00).

## VIII.
## EXEMPLARY DAMAGES FOR GROSS NEGLIGENCE

31. Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section.

32.     The acts or omissions described above of the Defendants, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff and others.

33.     Defendants had actual, subjective awareness of the risk involved in the above-described acts or omissions but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

34.     Therefore, for such gross negligence committed by Defendants, Plaintiffs sue for exemplary damages in an amount as may be allowed by law under the definition of "gross negligence" in Section 41.001(11) of the Texas Civil Practice and Remedies Code.

## IX.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

35.     Plaintiff seeks prejudgment and post-judgment interest as allowed by law.

36.     In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby makes application for a jury trial and request that this cause be set on the Court's Jury Docket. In support of his application, the appropriate jury fee has been paid to the Clerk at least thirty (30) days in advance of the trial setting.

## X.
## TEXAS RULE OF CIVIL PROCEDURE 193.7

38.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice to Defendants that any and all documents produced by each Defendant may be used against each Defendant producing the documents at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Isael Maldonado respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of

the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for actual damages as alleged and exemplary damages, in an amount within the jurisdictional limits of this Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**JOE A. GAMEZ LAW FIRM, P.C.**
1119 FRESNO ROAD
SAN ANTONIO, TEXAS 78201
TELEPHONE NO. (210) 736-4040
FACSIMILE NO. (210) 734-0100

By: *[signature]*
Crystal M. Wright
State Bar No. 24067026
c.wright@jagamezlaw.com
**ATTORNEY FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Joe Gamez on behalf of Crystal Wright
Bar No. 24067026
lawofficejag@gmail.com
Envelope ID: 68175865
Status as of 9/14/2022 12:40 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kimberley Gonzales | | k.gonzales@jagamezlaw.com | 9/12/2022 4:43:49 PM | SENT |
| Crystal M.Wright | | c.wright@jagamezlaw.com | 9/12/2022 4:43:49 PM | SENT |